IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTHONY B. WILLIAMSON,
ADC # 109343                                                                                          PLAINTIFF

V.                               CASE NO. 4:20-CV-1077-KGB-BD

D. PAYNE, *et al*.                                                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation for the dismissal of Mr. Williamson's claims has been sent to Judge Kristine G. Baker. The parties may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. If they do not file objections, the parties may waive the right to appeal questions of fact.

**II.    Procedural History:**

Anthony Williamson, an Arkansas Division of Correction (ADC) inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Doc. No. 1) He is proceeding *in forma pauperis* (IFP).

In his complaint and amended complaint, Mr. Williamson claimed that Defendants denied his right to access to the courts by interfering with his legal mail. (Doc. Nos. 1, 7)

Because both the original and amended complaints were deficient, however, the Court gave Mr. Williamson an opportunity to file a second amended complaint. (Doc. No. 8) He has done so. (Doc. No. 9)

Based on allegations in the three complaints, the Court determined that Mr. Williamson had stated retaliation and denial-of-access-to-courts claims against Defendants Motten and Shipman regarding his petition before the Arkansas Claims Commission; retaliation claims against Defendants Payne, Gibson, Shipman, Johnson, Richardson, Carroll, Gordon, Lloyd, Harris, Calloway, Daniels, Plumer, Tobi, Smith, and Phillips based on their denial of his access to the law library, prison mailbox, and notary public; and a claim against Defendant Shipman for refusing to provide Mr. Williamson a mask in retaliation for use of the grievance process. The Court previously recommended that Mr. Williamson's other claims be dismissed, without prejudice. (Doc. No. 11) That Recommendation remains pending.

Defendants have now moved for judgment on the pleadings. (Doc. No. 49) They contend that Mr. Williamson's claims should be dismissed on several grounds: he failed to exhaust his administrative remedies prior to filing this lawsuit; his claims for money damages are barred by sovereign immunity; Defendants are entitled to qualified immunity; Mr. Williamson has not demonstrated that he entitled to injunctive relief; and, he did not suffer any physical injury. Mr. Williamson has responded to the motion; and Defendants have replied. (Doc. Nos. 51, 52)

### III.   Discussion:

A.  Standard

Motions for judgment on the pleadings are governed by Federal Rule of Civil Procedure 12(c). The standard for granting relief is the same as the standard for granting motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…. Factual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). As this Court has recognized, "documents attached to the complaint, matters of public and administrative record referenced in the complaint, and uncontested documents whose contents are alleged in a complaint can be considered to decide a motion to dismiss." *Gonser v. Cont'l Cas. Co.*, 515 F. Supp. 2d 929, 933 (E.D. Ark. 2007).

B.  Exhaustion

Defendants must affirmatively plead and prove that a plaintiff *did not* fully exhaust administrative remedies before filing suit; conversely, plaintiffs are not required to plead that they *did* exhaust the process. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (*per curiam*). Nevertheless, the Prison Litigation Reform Act (PLRA) does require prisoners to exhaust, "such administrative remedies as are available before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733–34 (2001) (internal citation omitted). If a defendant proves that the prisoner did not fully exhausted the prison's

grievance process prior to filing suit, the court is obligated to dismiss the case, without prejudice. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In his original complaint, Mr. Williamson states that he did *not* fully exhaust his administrative remedies. (Doc. No. 1 at p.6) But, in his first and second amended complaints, he explains that he *did* file grievances, "pertaining to the facts set forth in this Complaint. However, *not all* are completely exhausted to all levels within the grievance procedure." (Doc. No. 7 at p.3; Doc. No. 9 at p.4) (emphasis added) In his response to the Defendants' motion, Mr. Williamson concedes that he did not fully exhaust his claims for injunctive relief but states that he *did* fully exhaust claims against Defendants Shipman, Motten, Carroll, Plumer, Smith, Tobi, and Payne for monetary damages. (Doc. No. 51 at p.1)[1]

Mr. Williamson also concedes that he failed to exhaust claims that Defendants Lloyd and Harris retaliated against him by failing to allow him access to a notary; claims that Defendants Gibson, Shipman, Johnson, Richardson, and Gordon retaliated against him by failing to give him access to the law library; and claims that Defendants Phillips, Calloway, and Daniels retaliated against by denying him access to the law library, prison mailbox, and a notary public. (Doc. No. 51 at p. 8) Therefore, those claims should be

---

[1] Because the exhaustion requirement applies to an inmate's claims rather than the inmate's requested relief, this distinction is irrelevant. The Court will address the merits of Mr. Williamson's access-to-courts claims against Defendants Motten and Shipman, his retaliation claims against Defendants Payne, Carroll, Plumer, Tobi, and Smith, and his remaining retaliation claim against Defendant Shipman below.

dismissed, without prejudice.[2]

Mr. Williamson states that he fully exhausted claims that Defendants Motten and Shipman interfered with his access to the courts, but he tacitly concedes that he failed to fully exhaust claims against Defendants Motten or Shipman for failing to timely deliver mail from the Arkansas Claims Commission (ACC) in retaliation for his use of the ADC grievance procedure. (Doc. No. 51 at p.2) Therefore, Mr. Williamson's retaliation claims against Defendants Shipman and Motten should be dismissed, without prejudice, based on his failure to fully exhaust his administrative remedies.

Mr. Williamson incorrectly states that his claim for money damages against these Defendants falls under protection guaranteed by the Fourteenth Amendment. This claim actually arises under the First Amendment. Mr. Williamson attaches several fully exhausted grievances raising this first amendment claim. (Doc. No. 1 at pp.20, 21) Defendants Shipman and Motten are not entitled to the dismissal of Mr. Williamson's access-to-courts claims based on a failure to exhaust grievances.

With regard to the remaining claims, Mr. Williamson attaches a number of fully exhausted grievances to his complaints. In addition, he attaches unnumbered grievances that are relevant. Defendants contend that Mr. Williamson failed to "provide any

---

[2] In his response to the Defendants' motion, Mr. Williamson also appears to concede that he failed to fully exhaust claims against Defendants Payne and Carroll. But, he makes contradictory statements in his response. Accordingly, because exhaustion is an affirmative defense that the Defendants must plead and prove, Defendants Payne and Carroll are not entitled to the dismissal of Mr. Williamson's claims against them on the basis that he did not fully exhaust the grievance process.

document to suggest that [] grievance was appealed or otherwise properly exhausted"; but as noted, proving exhaustion is not Mr. Williamson's burden. (Doc. No. 50 at p.8)

Based on the record currently before the Court, Defendants have not met their burden to show that Mr. Williamson failed to fully exhaust his administrative remedies regarding his retaliation claims against Defendants Payne, Shipman, Carroll, Plumer, Tobi, and Smith. Therefore, those Defendants are not entitled to a dismissal based on failure to exhaust grievances.

C. Sovereign Immunity

A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). Accordingly, Mr. Williamson's claims for money damages from Defendants in their official capacities are barred by sovereign immunity.

D. Qualified Immunity

Defendants assert qualified immunity as a defense with respect to Mr. Williamson's claims for money damages against them in their individual capacities. Qualified immunity protects government officials from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person [in their positions] would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

To determine whether the Defendants in this case are entitled to qualified immunity, the Court must consider whether the facts alleged by Mr. Williamson establish a violation of a constitutional or statutory right; and, if so, whether that right was clearly

established at the time of the Defendants' alleged misconduct. *Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015).

1. Access-to-Courts: Defendants Motten and Shipman

An allegation that prison officials impeded access to the courts, standing alone, does not amount to a constitutional violation; rather, there must be a showing that the defendant kept the prisoner from litigating a claim and thereby caused the prisoner to suffer an actual injury. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). An "actual injury" occurs when a nonfrivolous legal claim is "frustrated or ... impeded." *Id*. Notably, actual injury occurs in the first amendment context only where the nonfrivolous claim was an attack on the prisoner's sentence (directly or collaterally) or where the action seeks vindication of a basic civil right. *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996); *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (holding that claims are restricted to "actions seeking new trials, release from confinement, or [the] vindication of fundamental civil rights") (quoting *Bounds v. Smith*, 430 U.S. 817, 827 (1977)). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355.

Here, Mr. Williamson alleges that his claim before the ACC was dismissed because Defendant Motten improperly gave mail sent to him from the ACC to another inmate. As a result of Defendant Motten's conduct, Mr. Williamson alleges, he missed the deadline to respond to the State's motion to dismiss; and the ACC dismissed his claim. He holds Defendant Shipman liable for Defendant Motten's misconduct based on an alleged failure to properly train Defendant Motten.

Even if Mr. Williamson's allegations are all true, his case before the ACC did not involve release from confinement or the vindication of fundamental civil rights. Defendant Motten's conduct in failing to deliver Mr. Williamson's mail, therefore, did not trigger first amendment protection. This claim, therefore, should be dismissed because the allegations, even if true, do not state a constitutional claim for relief.

2. Retaliation: Defendants Payne, Carroll, Plumer, Tobi, and Smith

Mr. Williamson claims that Defendants Payne, Carroll, Plumer, Tobi, and Smith retaliated against him for challenging his state criminal conviction by denying him access to the law library, the prison mailbox, and a notary public. A prisoner raising a retaliation claim must plead that he engaged in constitutionally protected activity; that a defendant took adverse action against him that would chill a person of ordinary firmness from engaging in the protected activity; and that retaliation was an *actual motivating factor* for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). "The lack of a temporal connection between the protected activity and the alleged retaliation dispels any inference of a causal connection." *Lewis*, 486 F.3d at 1029.

The burden of showing that retaliation was a motivating factor for an adverse action is substantial. *Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996). Allegations of retaliation must be supported by more than speculation. *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996). Here, Mr. Williamson's retaliation claims are based on speculation, suspicion, and supposition rather than factual allegations. Moreover, he has not explained any connection between his constitutionally protected activity and the alleged retaliatory

8

conduct. Mr. Williamson has failed to state facts to support a retaliation claim against these Defendants.

    3.  Retaliation: Defendant Shipman

In his complaints, Mr. Williamson claims that Defendant Shipman failed to provide him a mask to protect him against COVID-19 and alleges that this conduct was in retaliation for his use of the ADC grievance procedure. Again, other than Mr. Williamson's speculation as to why Defendant Shipman failed to give him a mask, there are no facts to support a conclusion that Defendant Shipman denied Mr. Williamson a mask in retaliation for his use of the grievance process. Furthermore, the response to one of Mr. Williamson's grievances indicates that Mr. Williamson was not initially provided a mask because he was housed in single-person cell. (Doc. No. 9 at p.71) Accordingly, this claim also should be dismissed based on Mr. Williamson's failure to state a constitutional claim.

## IV.   Conclusion:

The Court recommends that the Defendants' motion for judgment on the pleadings (Doc. No. 49) be GRANTED. Mr. Williamson's retaliation claims against Defendants Shipman, Motten, Lloyd, Harris, Gibson, Johnson, Richardson, Gordon, Phillips, Calloway, and Daniels should be DISMISSED, without prejudice, based on his admission that he did not fully exhaust his administrative remedies. Mr. Williamson's access-to-courts claim against Defendants Motten and Shipman, his retaliation claims against Defendants Payne, Caroll, Harris, Plumer, Tobi, Smith, and his remaining retaliation claim against Defendant Shipman should be DISMISSED, without prejudice, based on

his failure to state a constitutional claim.[3] Claims for damages against Defendants in their official capacities should be dismissed with prejudice.

DATED this 23rd day of April, 2021.

UNITED STATES MAGISTRATE JUDGE

---

[3] Because Mr. Williamson failed to state a constitutional claim, Defendants' argument that Mr. Williamson failed to establish that he was entitled to the injunctive relief or that he did not suffer physical injury as a result of the Defendants' alleged conduct are not addressed in this Recommendation.