IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ANTHONY B. WILLIAMSON**                                                                    **PLAINTIFF**
**ADC #109343**

v.                                      Case No. 4:20-cv-01077-KGB

**PAYNE,** *et al.*                                                                               **DEFENDANTS**

## ORDER

Before the Court are a Partial Recommended Disposition ("Partial Recommendation") and a Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Beth Deere (Dkt. Nos. 11; 53).

In the Partial Recommendation, issued on December 4, 2020, Judge Deere recommended that this Court dismiss without prejudice the claims that plaintiff Anthony Williamson added to his second amended complaint (Dkt. Nos. 9; 11). Judge Deere noted that some of the additional claims were "not related to the claims in the first amended complaint," while others lacked a basis in law (Dkt. No. 11., at 2-5). Mr. Williamson objected to Judge Deere's Partial Recommendation (Dkt. No. 12).

Judge Deere's Recommendation, issued on April 23, 2021, examined the defendants' motion for judgment on the pleadings (Dkt. Nos. 49; 53). The Recommendation advised that defendant's motion should be granted in its entirety (Dkt. No. 53, at 9-10).

Specifically, Judge Deere recommended dismissing without prejudice Mr. Williamson's retaliation claims against defendants Shipman, Motten, Lloyd, Harris, Gibson, Johnson, Richardson, Gordon, Phillips, Calloway, and Daniels (*Id.*, at 9). Judge Deere based her conclusion on Mr. Williamson's admission that he did not fully exhaust his administrative remedies on the above-mentioned claims (*Id.*). Judge Deere also recommended dismissing without prejudice Mr.

Williamson's "access-to-court" claims against defendants Motten and Shipman and Mr. Williamson's retaliation claims against defendants Payne, Caroll, Harris, Plumer, Tobi, Smith, and Shipman (*Id.*, at 9-10).  Mr. Williamson's failure to demonstrate that the alleged wrongdoing amounted to a constitutional claim provided the basis for Judge Deere's conclusion (*Id.*).  Lastly, the Recommendation advised that this Court should dismiss with prejudice Mr. Williamson's money damages claims against all defendants in their official capacities, as sovereign immunity barred the relief sought (*Id.*, at 6, 10).  Mr. Williamson objected to Judge Deere's Recommendation (Dkt. Nos. 54; 55; 56; 57; 58; 59; 62; 63).  Having reviewed Mr. Williamson's filings, the Court observes that Mr. Williamson may not litigate in this case new, unrelated claims, especially when he has not fully exhausted prior to filing suit grievances and administrative remedies as to those claims.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory.").

After careful consideration of the Partial Recommendation and Recommendation, Mr. Williamson's objections, and a *de novo* review of the record, the Court concludes that the Partial Recommendation and Recommendation should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. Nos. 11; 53).  The Court denies as moot all other pending motions (Dkt. Nos. 63; 64).

It is so ordered this 28th day of February, 2022.

_____
Kristine G. Baker
United States District Judge